**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2503-17T3

ALLEN M. ROSE,

      Plaintiff-Appellant,

v.

RICHARD LASASSO, SHARON
LASASSO, EMILY LASASSO and
THE ESTATE OF KEITH E. AMOS,

      Defendants-Respondents,

and

MICHAEL A. EITEL, EVAN
SIMPKINS, KEITH E. AMOS,
MICHAEL FISHER, JOE
CANALS DISCOUNT LIQUOR
STORE a/k/a CANAL'S
LIQUOR OUTLET, ANTHONY
GUERERE, HAMMONTON
POLICE DEPARTMENT and
TOWN OF HAMMONTON,

      Defendants.

_____

Argued February 13, 2019 – Decided March 11, 2019

Before Judges Fuentes, Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0727-14.

Hillary N. Nappi argued the cause for appellant (Law Offices of Conrad J. Benedetto, attorneys; Conrad J. Benedetto, of counsel and on the briefs).

Christopher J. Carlson argued the cause for respondent the Estate of Keith E. Amos (Capehart & Scatchard, PA, attorneys; Christopher J. Carlson, of counsel and on the brief).

Jaunice M. Canning argued the cause for respondents Richard Lasasso, Sharon Lasasso and Emily Lasasso (Law Offices of William E. Staehle, attorneys; Jaunice M. Canning, on the brief).

PER CURIAM

Plaintiff Allen M. Rose appeals from orders granting summary judgment dismissing his personal injury negligence claims against defendants Richard Lasasso, Sharon Lasasso, Emily Lasasso and the Estate of Keith E. Amos, and awarding a sanction against plaintiff's counsel pursuant to Rule 1:4-8. Based on our review of the record in light of the applicable law, we find plaintiff's arguments are devoid of merit, and affirm.

I.

In our review of the record, we view the facts and all reasonable inferences therefrom in the light most favorable to plaintiff, the party against whom

summary judgment was entered.  Bauer v. Nesbitt, 198 N.J. 601, 605 n.1 (2009); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); R. 4:46-2(c). Applying that standard, the record before the trial court established the following facts.

On February 19, 2012, plaintiff was assaulted at a party hosted by eighteen-year-old Emily Lasasso at the home owned by her parents, Richard and Sharon Lasasso.  Fifty to 100 people attended the party, many of whom were under the age of twenty-one.  Alcoholic beverages were available, but the record does not indicate who supplied them.  According to plaintiff, who was nineteen years old at the time, he had one alcoholic drink at the party but was not intoxicated or impaired.

At some point during the party, Emily asked plaintiff and others to leave. According to plaintiff, the request was made because Emily anticipated that her parents were about to arrive home.

A short time later, an individual plaintiff identified as defendant Michael A. Eitel approached plaintiff and, without warning, punched him in the left eye. Plaintiff fell to the ground where Eitel and seven or eight other individuals punched and hit plaintiff, who did his best to cover his face.  Plaintiff suffered a black eye from Eitel's initial punch and later claimed he suffered other injuries

A-2503-17T3

as a result of the assault. Plaintiff left the party with three of his friends and later briefly returned to retrieve his wallet and a hat he lost during the assault.

Plaintiff filed a complaint against the Lasassos, Keith Amos,[1] Eitel and a multitude of other defendants claiming he suffered injuries during the assault.[2] The complaint[3] alleged that Richard and Sharon Lasasso were negligent by failing to properly supervise their daughter's party in their home and that they and Emily were negligent by exposing the guests at the party to "dangers and harms" by allowing the consumption of intoxicating alcoholic beverages by the attendees, many of whom were too young to lawfully drink alcohol, thereby creating an environment which resulted in the assault on plaintiff. The complaint alleged Amos was liable because he participated in the assault.

The Estate's Motions For Summary Judgment and Rule 1:4-8 Sanctions

Plaintiff testified during his deposition that he saw Eitel punch him, but could not identify any of the other individuals who participated in the assault.

---

[1] The record reflects that Keith Amos passed away prior to service of plaintiff's complaint.

[2] We limit our discussion to plaintiff's claims against the Lasasso defendants and the Estate of Keith Amos because plaintiff challenges only the dismissal of his claims against them.

[3] Plaintiff filed a complaint and an amended complaint. Our references to the complaint are to the amended complaint.

4                                                                    A-2503-17T3

Plaintiff testified he has no personal knowledge that Amos participated in the assault. Plaintiff also has no personal knowledge, and produced no competent evidence, that Eitel, Amos or any of the unidentified individuals he alleged assaulted him consumed alcoholic beverages during the party at the Lasassos's home.

On the day following plaintiff's deposition, counsel for the Estate of Keith Amos served plaintiff's counsel with a notice pursuant to Rule 1:4-8 asserting the complaint against the Estate constituted a frivolous pleading and requesting its withdrawal because there was no evidence Amos assaulted plaintiff. Counsel for the Estate sent plaintiff's counsel letters dated July 28, September 15, and October 5, 2015, requesting a response to the notice sent pursuant to Rule 1:4-8. The record is barren of any response from plaintiff's counsel to the Rule 1:4-8 notice and the Estate's counsel's letters.

Four months after the Rule 1:4-8 notice was first sent, the Estate moved for summary judgment. Plaintiff did not oppose the summary judgment motion. In a December 8, 2015 order, the court granted the motion and in a written

statement of reasons explained the Estate was entitled to judgment as a matter of law because plaintiff lacked any evidence Amos participated in the assault.[4]

The Estate subsequently filed a motion for the imposition of sanctions against plaintiff's counsel pursuant to Rule 1:4-8. Neither plaintiff nor his counsel opposed the motion. The court entered a February 22, 2016 order granting the motion[5] and directing that plaintiff's counsel pay $6,103.85 to the Estate's insurance carrier. Plaintiff's counsel subsequently filed a motion to vacate the court's February 22, 2016 order, but withdrew the motion after receiving notice from the Estate that the motion also constituted a frivolous pleading under Rule 1:4-8. On July 20, 2016, the court entered an order granting

---

[4] In an affidavit from plaintiff's counsel included in the appendix, which purports to have been submitted in opposition to an Estate motion to enforce litigant's rights, it is asserted that plaintiff moved to vacate the award of summary judgment to the Estate and that the court denied the motion on June 29, 2016. Plaintiff does not include a court order denying such a motion and does not challenge the denial of any such motion on appeal.

[5] The Estate filed a prior motion for sanctions pursuant to Rule 1:4-8 that plaintiff did not oppose, but the court denied the motion without prejudice on January 14, 2016, because it was not accompanied by an affidavit setting forth the claimed counsel fees. The court's order denying the motion is not included in the parties' appendices on appeal. We address only the February 22, 2016 order granting the motion for sanctions under Rule 1:4-8 because that is the order challenged on appeal.

A-2503-17T3

the Estate's motion to enter judgment against plaintiff's counsel in the amount of $6,103.85, and on March 17, 2017, the judgment was recorded as a lien.

The Lasassos's Summary Judgment Motion

The Lasasso defendants moved for summary judgment in 2016, and plaintiff filed opposition. The court heard oral argument and granted the motion. During its oral opinion, the court noted that the undisputed facts established that Richard Lasasso had been separated from Sharon Lasasso for five years prior to the party and had not lived in the home where the party was held since then. The court also found there was no evidence Richard Lasasso was aware the party was to be held. The court further noted that Sharon Lasasso was away when the party was held, had no prior knowledge of the party and that Emily, who hosted the party, was an eighteen-year-old adult.

The court also held that plaintiff's claim that the Lasassos's purported negligence was a proximate cause of plaintiff's injuries was not supported by any evidence. The court observed that there was no evidence that any of the individuals allegedly involved in the assault, including Eitel, had either consumed alcohol at the party or were under the influence of alcohol when the assault occurred. The court concluded that plaintiff failed to present any evidence that the assault was proximately caused by the breach of any duty owed

7

by any of the Lasassos to plaintiff.  The court entered an order granting the Lasassos's summary judgment motion.  This appeal followed.

II.

When reviewing an order granting or denying summary judgment, we apply the same standard that the trial court applies in ruling on a summary judgment motion.  State v. Perini Corp., 221 N.J. 412, 425 (2015).  Summary judgment is proper if the record demonstrates "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law."  Burnett v. Gloucester Cty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 228 (App. Div. 2009) (quoting R. 4:46-2(c)).

"An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact."  R. 4:46-2(c).  This standard permits the court to consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Brill, 142 N.J. at 536 (citation omitted).  Issues of law are subject to the de novo standard of review, and the trial court's

determination of such issues is accorded no deference. <u>Kaye v. Rosefielde</u>, 223 N.J. 218, 229 (2015).

Plaintiff first claims the court erred by granting summary judgment to Richard and Sharon Lasasso because "there was a genuine issue of material fact as to whether [they] adequately supervised their minor aged children" who "held a party where alcohol was served." Plaintiff also argues that the court erred by granting summary judgment to Emily Lasasso because there was a "genuine issue of material fact as to" her "responsibility in protecting her invited guest from being injured at her home." We are not persuaded.

"To prevail on a claim of negligence, a plaintiff must establish four elements: (1) that the defendant owed a duty of care; (2) that the defendant breached that duty; (3) actual and proximate causation; and (4) damages." <u>Fernandes v. DAR Dev. Corp.</u>, 222 N.J. 390, 403-04 (2015). "[W]hether a defendant owes a legal duty to another and the scope of that duty are generally questions of law for the court to decide." <u>Morris v. T.D. Bank</u>, 454 N.J. Super. 203, 209 (App. Div. 2018) (alteration in original) (quoting <u>Robinson v. Vivirito</u>, 217 N.J. 199, 208 (2014)). "[W]hether the duty was breached is a question of fact." <u>Ibid.</u> (alteration in original) (quoting <u>Jerkins v. Anderson</u>, 191 N.J. 285, 305 (2007)).

A-2503-17T3

Plaintiff's claims against the Lasasso defendants are founded on principles of premises liability, "a subset of general negligence law," because he was injured while attending a party at the Lasasso home. Peguero v. Tau Kappa Epsilon Local Chapter, 439 N.J. Super. 77, 88 (App. Div. 2015). We first consider whether plaintiff presented sufficient evidence establishing the Lasasso defendants owed a duty of care to ensure that plaintiff was not injured during an assault while he attended a party hosted by Emily Lasasso on property owned by Robert and Sharon Lasasso.[6]

Although "a landowner generally has a duty to maintain the safe condition of its property for the protection of persons who lawfully enter the premises," id. at 89, "[i]t has historically been held that individuals, including business premises owners, are not generally responsible for the criminal acts of others," Estate of Desir v. Vertus, 214 N.J. 303, 318 (2013); see also Restatement (Second) of Torts § 344 cmt. f (Am. Law Inst. 1965).

---

[6] Plaintiff does not assert a claim under the social host liability laws, N.J.S.A. 2A:15-5.6 to -5.7. As we noted under similar circumstances in Peguero, plaintiff could not "successfully advance any claims under [those] statute[s] . . . because there is no proof that" Eitel or any of the other individuals who assaulted him were "served any alcohol at the house, or that [any of them were] served alcohol while visibly intoxicated. N.J.S.A. 2A:15-5.6." Id. at 88 n.10.

Our Supreme Court has adopted the "totality of the circumstances" analysis recited in the Restatement of Torts to determine premises liability for an alleged failure to prevent third-party criminal conduct. Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 507 (1997). The Restatement explains the pertinent considerations and analysis:

> Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.
>
> [Restatement (Second) of Torts § 344 cmt. f (Am. Law. Inst. 1965).]

In Peguero, we found there was insufficient evidence giving rise to a duty to prevent a shooting at a college fraternity party because there was no evidence of prior conduct that would have alerted the fraternity members "that an unknown third-party would pull out a gun and shoot at another guest." 439 N.J.

11

Super. at 92. We further found there was no evidence anyone observed the shooter with "a gun, drinking heavily, acting belligerently, or otherwise displaying a volatile or dangerous propensity" prior to the shooting. Id. at 93. We noted that although the evidence showed the premises were "crowded and evidently a copious amount of beer was flowing, there was no proven or reasonably foreseeable link between those factors and the sudden discharge of a handgun," and concluded that based on the totality of the circumstances there was no duty owed to prevent the shooting because the shooting was not reasonably foreseeable. Ibid.

Here, we similarly find that based on the evidence presented, the assault of plaintiff was not reasonably foreseeable. The record is bereft of evidence showing Eitel or any of the other unidentified individuals had a history of violence or engaged in conduct prior to the alleged assault making it reasonably foreseeable they would assault plaintiff. In addition, although plaintiff argues the presence of alcohol at the party supports a finding the Lasasso defendants violated a duty owed to plaintiff, there is no evidence Eitel or the others who participated in the assault consumed any alcohol while at the Lasasso residence or were under the influence of alcohol when the assault occurred. See id. at 92-93.

In sum, plaintiff's evidence "does not come close to the sort of proof" required to establish the Lasasso defendants had a duty to prevent the assault on plaintiff. Id. at 92; cf. Clohesy, 149 N.J. at 516-17 (holding business owner premises liability may arise from prior criminal acts on the property and those which "occurred in close proximity to the defendant's premises"); Butler v. Acme Mkts., Inc., 89 N.J. 270, 280-82 (1982) (finding duty to provide security for, or warnings to, store patron injured during an attack in the store's parking lot based on history of muggings on the premises). The Lasasso defendants did not owe a legal duty to plaintiff to prevent the assault and therefore plaintiff's negligence claim fails as a matter of law. The court correctly granted the Lasasso defendants' summary judgment motion.

Plaintiff also contends the court erred by granting the Estate's motion for sanctions pursuant to Rule 1:4-8, a motion neither plaintiff nor his counsel opposed before the trial court. We have carefully considered plaintiff's arguments challenging the imposition of the sanction and are convinced they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-2503-17T3